UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

JOSEPH MURCHISON,               )
                                )
            Petitioner,         )
                                )
      v.                        )   Case No. 4:09CV431 RWS/FRB
                                )
STEVE LARKINS,[1]               )
                                )
            Respondent.         )

**REPORT AND RECOMMENDATION OF**
**UNITED STATES MAGISTRATE JUDGE**

This cause is before the Court on the <u>pro se</u> petition of
Missouri state prisoner Joseph Murchison ("Petitioner") for a writ
of habeas corpus pursuant to 28 U.S.C. § 2254.  All pretrial
matters were referred to the undersigned United States Magistrate
Judge, pursuant to 28 U.S.C. § 636(b), for appropriate disposition.

**I.   Procedural History**

On November 10, 2004, a jury in the Circuit Court for St.
Louis County, Missouri convicted petitioner of forcible sodomy and
forcible rape in conjunction with his actions against S.B.[2] on
November 4, 2002.  (Respondent's Exhibit ("Resp. Exh.") A at 638
and Resp. Exh. C at 53-55).  On December 28, 2004, the Honorable

_____

[1]Terry Russell is currently the warden at Eastern Reception, Diagnostic and
Correctional Center, Petitioner's place of incarceration.  Terry Russell should
therefore be substituted for Steve Larkins as the Respondent in this case.   <u>See</u>
Rule 2(a), Rules Governing Section 2254 Cases in the United States District
Courts.

[2]The victim will be referred to using only her initials.

- 1 -

Gary M. Gaertner sentenced petitioner to two concurrent twenty-year terms in the custody of the Missouri Department of Corrections. (Resp. Exh. C at 61-63). Petitioner is currently incarcerated in the Eastern Reception, Diagnostic and Correctional Center in Bonne Terre, Missouri.

Petitioner appealed his convictions and sentences to the Missouri Court of Appeals, alleging the following two points of error: (1) the trial court plainly erred by failing to properly instruct the jury regarding juror note-taking in that Instruction 1, MAI-CR 3d 302.01 was not amended to conform with the associated Notes on Use; and (2) the trial court erroneously excluded Petitioner's written statement. State of Missouri v. Murchison, 179 S.W.3d 903 (Mo. Ct. App. 2005); (Resp. Exhs. E and G). On December 27, 2005, the Missouri Court of Appeals affirmed the trial court's decision. State of Missouri v. Murchison, 179 S.W.3d 903; (Resp. Exh. G).

On April 18, 2006, Petitioner filed a pro se motion for post-conviction relief and for evidentiary hearing, pursuant to Missouri Supreme Court Rule 29.15. (Resp. Exh. H at 1, 3-8). Counsel was subsequently appointed, and filed an Amended Motion To Vacate, Set Aside, Or Correct Judgment And Sentence And Request For Evidentiary Hearing, alleging that Petitioner's Sixth Amendment right to counsel of his choice was violated when the trial court erroneously permitted Petitioner's originally retained counsel to withdraw. (Id. at 13-21, 15-18). At the conclusion of the

- 2 -

argument portion of the Amended Motion, counsel wrote as follows:

> *Post-conviction counsel has diligently reviewed Mr. Murchison's remaining *pro se* claims for post-conviction relief. Believing she can add nothing to Mr. Murchison's claims through amendment, undersigned counsel incorporates physically into this motion the following *pro-se* claims (attached to this motion). Movant expressly does not waive review of these claims, and post-conviction counsel respectfully move [sic] that the Court review the attached claims and request [sic] an evidentiary hearing be granted as to such claims.

(Id. at 18-19).

Petitioner's pro se claims, incorporated by counsel's reference into the Amended Motion, were as follows: (1) the trial court plainly erred by failing to properly instruct the jury regarding note-taking; (2) the trial judge erroneously allowed the admission of prejudicial and irrelevant evidence consisting of a wooden item referred to as a bat and handcuffs, and also allowed a police officer to demonstrate the use of the handcuffs; (3) trial counsel was ineffective for failing to object to errors and failing to raise an issue concerning the victim's weight and size and the amount of space in Petitioner's van; (4) denial of counsel, inasmuch as the trial court allowed his first retained attorney to withdraw; (5) sentence was improper and inconsistent with similar crimes committed by defendants without prior convictions; and (6) originally retained counsel abandoned him at a critical juncture of the case. (Resp. Exh. H at 22-29). On July 17, 2007, the motion

court affirmed the judgment of the trial court. (<u>Id.</u> at 33-44).

Petitioner appealed the denial of his post-conviction motion to the Missouri Court of Appeals, raising a single point of error: that the motion court clearly erred when it denied his motion without an evidentiary hearing because he had demonstrated that his Sixth Amendment right to counsel of his choice was violated when the trial court erroneously permitted his originally retained counsel to withdraw. (Resp. Exhs. J and L). On June 30, 2008, the Missouri Court of Appeals affirmed the judgment of the motion court. <u>Murchison v. State of Missouri</u>, 256 S.W.3d 616 (Mo. Ct. App. 2008); (Resp. Exh. L). In so doing, the Missouri Court of Appeals did not reach the merits of Petitioner's claim, but instead rested its denial of Petitioner's claim on state procedural grounds, holding that Petitioner's claim was not cognizable on post-conviction review because Petitioner could have raised it on direct appeal. (Resp. Exh. L at 2-3).

In his original Petition for Writ of Habeas Corpus, filed in this Court on March 13, 2009, Petitioner raised 7 claims for relief, and specifically,

> 1.   Petitioner was denied counsel when the trial court allowed Attorney Murray Marks to withdraw following a hearing during which he was not present;

> 2.   Trial counsel was ineffective for failing to object to the denial of counsel of first choice;

- 4 -

3. Direct appeal counsel was ineffective for failing to raise denial of counsel of first choice on direct appeal;

4. The motion court erred in denying Petitioner an evidentiary hearing;

5. Trial counsel was ineffective for failing to object to errors included and referenced on direct appeal;

6. Trial counsel was ineffective for failing to make arguments regarding the victim's height, weight, and lack of injuries; and

7. Mr. Marks was ineffective because his withdrawal precluded Petitioner from utilizing his discovery, and left subsequent counsel with insufficient time to prepare for trial.

(Docket No. 1).

On June 10, 2011, Petitioner filed an Amended Petition Under 28 U.S.C. § 2254 For Writ Of Habeas Corpus. (Docket No. 40). Therein, Petitioner raised 24 claims for relief, and specifically,

1. The trial court failed to properly instruct the jury following the deliverance of a note indicating that a juror was willing to change his/her vote even though he/she did not believe it 100%, and trial counsel rendered ineffective assistance regarding this issue;

2. The trial court erroneously issued a hammer instruction after being told how the jurors were numerically divided, and trial counsel rendered ineffective assistance regarding this issue;

3. The trial court failed to provide a written copy of the hammer instruction and file it with the other jury instructions, and trial counsel rendered ineffective assistance regarding this issue;

4.   Trial counsel was ineffective for failing to request a post-verdict inquiry and/or the issuance of a verdict form with interrogatories regarding a wavering juror, and direct appeal and post-conviction counsel were ineffective regarding this issue;

5.   An African-American male juror was improperly struck from the venire panel, and trial counsel rendered ineffective assistance regarding this issue;

6.   The arresting officers unlawfully removed Petitioner from the jurisdiction of the City of St. Louis and took him to St. Louis County and did not take him directly to a judge, and trial, appellate and post-conviction counsel rendered ineffective assistance regarding this issue;

7.   Police detectives unlawfully arrested Petitioner and unlawfully searched him and his property and the trial court failed to conduct an inquiry into the matter, and trial, appellate and post-conviction counsel rendered ineffective assistance regarding this issue;

8.   The arresting officers subjected Petitioner to false arrest and false imprisonment, and trial, appellate and post-conviction counsel rendered ineffective assistance regarding this issue;

9.   The trial judge committed acts of judicial misconduct and bias in favor of the prosecutor and had a long-standing personal relationship with the prosecutor, and trial counsel rendered ineffective assistance regarding this issue;

10.  The prosecutor made improper comments about Petitioner which the trial judge erroneously permitted, and trial counsel rendered ineffective assistance regarding this issue;

11.  The prosecutor was allowed to shift the burden of proof by referring to the defense's

failure to produce a photo to prove
Petitioner's innocence, and trial counsel
rendered ineffective assistance regarding this
issue;

12. The prosecutor improperly adduced
evidence of uncharged crimes and alleged prior
misconduct which the trial judge erroneously
allowed, and trial counsel rendered
ineffective assistance regarding this issue;

13. The prosecutor improperly adduced
evidence of unrelated and prejudicial items;
specifically, a wooden tire checker, towels,
blood, a photograph, and duct tape, and trial
counsel rendered ineffective assistance
regarding this issue;

14. The prosecutor improperly used police
handcuffs to show the cause of the marks on
the victim's wrists; the trial court
erroneously failed to give a curative
instruction; and trial counsel rendered
ineffective assistance regarding this issue;

15. Trial counsel was ineffective for failing
to adduce evidence that Petitioner's various
health problems would have made it impossible
for him to forcibly move the victim;

16. The trial court erroneously refused to
allow Petitioner to introduce as evidence the
written statement he made to police;

17. Trial counsel was ineffective for failing
to reintroduce Petitioner's written statement
and for failing to impeach a statement from
the victim;

18. The evidence was insufficient to support
his convictions and the trial judge
erroneously allowed the case to proceed to
trial;

19. Petitioner was harmed and prejudiced by
the denial of his Sixth Amendment right to
counsel of his choice;

20. Petitioner was harmed and prejudiced when

Mr. Marks was dismissed following an improper
*ex parte* hearing, and Petitioner's trial and
appellate counsel rendered ineffective
assistance regarding this issue;

21. Petitioner was harmed and prejudiced when
he was abandoned by Mr. Marks;

22. Trial counsel was ineffective for failing
to raise various issues;

23. Appellate counsel was ineffective for
failing to raise various issues, and post-
conviction counsel rendered ineffective
assistance regarding this issue; and

24. Post-conviction counsel abandoned
Petitioner and was ineffective for failing to
raise various issues.

(Docket No. 40 at 31-158).

In his prayer for relief, Petitioner asks, <u>inter alia</u>,
that this Court determine that he is "actually, factually and
legally innocent." (<u>Id.</u> at 159).


## II.    <u>Exhaustion Analysis</u>

A petitioner must exhaust his state law remedies before
the federal court can grant relief on the merits of his claims in
a habeas petition.  28 U.S.C. § 2254(b)(1); <u>O'Sullivan v. Boerckel</u>,
526 U.S. 838, 842 (1999).  In order to determine if the exhaustion
requirement has been met, "the court must determine if the
petitioner fairly presented 'the federal constitutional dimensions
of his federal habeas corpus claim to the state courts.'" <u>Smittie
v. Lockhart</u>, 843 F.2d 295, 296 (8th Cir. 1988) (quoting <u>Laws v.</u>

- 8 -

<u>Armontrout</u>, 834 F.2d 1401, 1412 (8th Cir. 1988)); <u>see also</u> <u>O'Sullivan</u>, 526 U.S. at 848. "If not, the federal court must determine if the exhaustion requirement has nonetheless been met because there are no 'currently available, non-futile state remedies' through which the petitioner can present his claim." <u>Id.</u> (quoting <u>Laws</u>, 834 F.2d at 1412).

A review of the record shows each claim for relief that Petitioner asserts in his original and amended petitions to be exhausted, either because Petitioner properly raised it in state court, or because there exist no non-futile state remedies by which he could now pursue it. The undersigned further notes that Respondent does not allege that any of petitioner's claims remain unexhausted.

### III. <u>Procedural Default Analysis</u>

It is well-established that a claim is barred from federal habeas review if the petitioner failed to fairly present the substance of the claim to the state courts at each step of the judicial process. <u>Jolly v. Gammon</u>, 28 F.3d 51, 53 (8th Cir. 1994); <u>Wemark v. Iowa</u>, 322 F.3d 1018, 1020-21 (8th Cir. 2003) (citing <u>Anderson v. Groose</u>, 106 F.3d 242, 245 (8th Cir. 1997)). The fair presentation requirement is satisfied when the petitioner has properly raised in state court the same factual grounds and legal theories he attempts to raise in federal court. <u>Wemark</u>, 322 F.3d at 1021. This requirement ensures that the state courts have been

alerted to "the federal nature of each claim," <u>Palmer v. Clarke</u>, 408 F.3d 423, 430 (8th Cir. 2005), and gives the states the opportunity to consider and adjudicate alleged violations of prisoners' Constitutional rights. <u>Baldwin v. Reese</u>, 541 U.S. 27, 29 (2004).

A claim is also procedurally barred from federal review if the state court relied upon a state procedural bar as an independent and adequate basis for its disposition of the claim. <u>Caldwell v. Mississippi</u>, 472 U.S. 320, 327 (1985); <u>see also</u> <u>Grubbs v. Delo</u>, 948 F.2d 1459, 1462 (8th Cir. 1991) (citing <u>Coleman</u>, 501 U.S. 722 and <u>Harris v. Reed</u>, 489 U.S. 255 (1989) ("It is a basic doctrine of law that if a state court's resolution of an issue rests on a state law procedural ground that is 'independent' of federal law and 'adequate' to support the state court's judgment, a federal court will not review the issue in a habeas action"); <u>see also</u> <u>Burr v. Snider</u>, 234 F.3d 1052, 1055 (8th Cir. 2000) (the petitioner must have presented his claim to the state courts in accordance with state procedural rules). A state procedural ground is "adequate" if it is based upon a procedural rule that is "strictly or regularly followed." <u>Johnson v. Mississippi</u>, 486 U.S. 578, 587 (1988) (citing <u>Barr v. City of Columbia</u>, 378 U.S. 146, 149 (1964)). In addition, the state court must have "clearly and expressly" stated that its judgment rested upon a state procedural bar. <u>Harris</u>, 489 U.S. at 263 (quoting <u>Caldwell v. Mississippi</u>, 472 U.S. 320, 327 (1985)).

This Court may consider the merits of a procedurally defaulted claim only if the petitioner can demonstrate "cause for the default and actual prejudice as a result of the alleged violation of federal law," or that the federal court's "failure to consider the claims will result in a fundamental miscarriage of justice." Coleman, 501 U.S. at 724; see also Ivy v. Caspari, 173 F.3d 1136, 1140 (8th Cir. 1999) (citations omitted) ("Federal review of a habeas corpus petition is barred when a state court dismisses or rejects a prisoner's claims on independent and adequate state grounds unless the petitioner establishes cause for the default and actual prejudice resulting from the alleged violations of federal law").  In order to satisfy the "cause" requirement, Petitioner must show that an "external" impediment, something which cannot be attributed to him, prevented him from presenting his claim to the state court in a procedurally proper manner. Id. at 753 (citing Murray v. Carrier, 477 U.S. 478, 488 (1986)).  In order to invoke the fundamental miscarriage of justice exception to a showing of cause and prejudice, Petitioner must present new evidence that affirmatively demonstrates that he is innocent of the crime for which he was convicted. Abdi v. Hatch, 450 F.3d 334, 338 (8th Cir. 2006).

In the case at bar, the Missouri Court of Appeals, in its Memorandum Supplementing Order Affirming Judgment Pursuant To Rule 30.25(b), noted that the following facts were adduced during Petitioner's trial:

On the morning of November 4, 2002, S.B.[3] was waiting at a bus stop to catch a bus to ride to Florissant Valley Community College, where she attended school. S.B. had a bookbag with her and an envelope containing pictures of her children. She observed a blue van driven by Defendant make a u-turn and pull up to her. Defendant, whom S.B. did not know, asked her if she wanted a ride. When asked by S.B. where he was headed, Defendant told her that he was going to Florissant Valley Community College.

Defendant and S.B. talked while he drove. He asked her if she had a boyfriend, and asked her about her children, as she had been looking at their photos. Defendant told her that his grandmother had died recently. S.B. became concerned when Defendant did not make the turn to head to Florissant Valley Community College, and asked him where he was driving. Defendant asked S.B. for "some gratitude." She told him that she had no money, and he asked her to engage in sex. S.B. refused. Defendant proceeded to offer S.B. money to engage in sex, but she kept declining. Defendant pulled off onto a side street and stopped his vehicle, but prevented S.B. from leaving it. He told her that he was a police officer and flashed what she thought was an identification badge of some sort. Defendant told S.B. that she was under arrest for prostitution, and placed a set of handcuffs on her left wrist. He then said that she would not be arrested if she would have sex with him, to which S.B. replied that he could take her to jail.

Defendant placed S.B.'s hands behind her back and handcuffed them together, and she began to scream. Defendant placed a stun gun on the side of S.B.'s neck and told her to be quiet. He proceeded to remove her pants and underwear, forced her to perform oral sex on him, and then had intercourse with her. Thereafter Defendant wiped S.B. and himself off with hand-wipes. He took her purse and identification, and appeared to write down her personal information, telling her that if she called the police that he would go to her home. He drove to the parking lot of a Walgreen's and told S.B. to leave, and warned her not to contact the police. S.B.

---

[3]Even though the Missouri Court of Appeals referred to the victim using her name, the undersigned will continue to refer to her using only her initials.

memorized the license plate number of Defendant's van, and subsequently wrote it down while riding the bus to Florissant Valley Community College, as well as other details of the assault. Arriving at the school, S.B. went directly to guidance counselor, Shelly Lee ("guidance counselor"), and told her that she had been raped. Guidance counselor observed that S.B. was very upset and crying. Guidance counselor promptly contacted Elizabeth Smith, the school nurse ("school nurse"), who came and talked with S.B., who told her what had happened that morning. The school nurse was accompanied by Dr. Ralph Ankenbrand, the department head of counseling, and he also talked with S.B. Nurse observed that S.B. was upset, crying, and had reddish marks on both of her wrists.

S.B. was taken to Christian Northeast Hospital ("hospital") by the police. A rape kit was performed while S.B. was at the hospital. Defendant spoke with the police about the incident. The police arrested Defendant and searched his blue van. The police found a stun gun in the van, along with towels and wipes. Upon testing, Defendant's DNA matched that taken from S.B. in performing the rape kit. Defendant was indicted on counts of rape, forcible sodomy, and tampering with a victim.

. . .

Defendant testified that he knew S.B. prior to November 4, 2002, and had in fact given her rides on several previous occasions. He stated that he gave her a ride on that day and that they talked. Defendant testified that he told her about his grandmother's death, which occurred around his recent birthday and had made it a sad one. He said that she told him that she had a special present for him, and after driving a bit, he stopped, they removed their clothes, and engaged in intercourse. Defendant testified that he did not threaten S.B. and did not handcuff her. He stated that after engaging in sex, S.B. asked him for money, and they argued. He continued to drive and she continued to demand money. He testified that he dropped her off at a Walgreen's because he saw a police officer, and told her that he would call the officer if she did not leave, purportedly because he knew she had outstanding warrants for traffic violations. After S.B. got out of the van, he drove off to work.

- 13 -

Defendant stated that he gave the police oral and
written statements, and that he gave the police consent
to search his van and to take DNA samples from him.  On
cross-examination, the State asked him about details of
his trial testimony compared to his written statement.
Defendant sought to introduce this written statement into
evidence, but the trial court overruled this motion,
limiting its use by Defendant to address issues raised by
the State in its cross-examination of him which were
impeaching.

(Resp. Exh. G at 2-6).

State court factual findings are presumed to be correct.
28 U.S.C. § 2254(d).  State court findings may not be set aside
unless they are unsupported by the record.  <u>Sumner v. Mata</u>, 449
U.S. 539, 547-49 (1981), and the petitioner bears the burden of
establishing that the state court's factual determinations are
erroneous.  <u>Williams v. Armontrout</u>, 912 F.2d 924, 930 (8th Cir.
1990) (en banc).  Petitioner herein does not rebut the foregoing
facts with clear and convincing evidence.  Having reviewed the
record, the undersigned finds that the state court's findings are
supported thereby, and are adopted herein to the extent they relate
to the claims Petitioner raises in the instant petitions.  <u>See</u> <u>Id.</u>
at 930-31.

## A.   <u>Original Petition</u>

Respondent argues that the claims Petitioner raises in
Grounds 1, 2, 3, 5, 6 and 7 of his original petition are
procedurally barred from review in this Court.  Respondent argues

that Petitioner's claim in Ground 4 of his original petition is not cognizable in these proceedings.

1. <u>Ground 1 - Trial Court Error</u>

In Ground 1 of his original petition, Petitioner claims that he was denied counsel when the trial court allowed Mr. Marks to withdraw after conducting a hearing at which Petitioner was not present. Petitioner states that a hearing was set on Mr. Marks's motion in one division of the courthouse, but was held in another division.[4] Petitioner avers that, had he been present during the hearing, he would have presented facts in opposition to Mr. Marks's motion to withdraw.

Petitioner did not raise this claim on direct appeal, but did raise it on appeal from the denial of his post-conviction motion. Respondent contends that this claim is procedurally barred from review in this Court because the Missouri Court of Appeals denied it based upon an independent and adequate state procedural rule. Respondent's argument is well-taken.

In its <u>Memorandum Supplementing Order Affirming Judgment Pursuant to Rule 84.16(b)</u>, the Missouri Court of Appeals wrote:

> In his sole point on appeal, Movant argues that his sixth amendment rights were violated when he was denied his choice of counsel in that the trial court allowed [Mr. Marks] to withdraw.

---

[4]In later pleadings, Petitioner explained that he appeared at the appointed time and place for the hearing as originally scheduled and waited for six hours for the hearing to begin, not realizing that the hearing had been moved to a different division. (Docket No. 40 at page 139-40).

Issues that could have been raised in a direct appeal cannot be raised in a post-conviction motion, even if they are constitutional. <u>State v. Tolliver</u>, 839 S.W.2d 296, 298 (Mo. banc 1992). The sixth amendment right to counsel is an issue that can be raised on direct appeal. <u>See</u> <u>State v. White</u>, 44 S.W.3d 838, 841 (Mo. App. W.D. 2001).

The trial court allowed [Mr. Marks] to withdraw on February 26, 2004. Movant hired new counsel on April 1, 2004 and trial did not begin until approximately seven months later on November on November 9, 2004. Therefore, whether the trial court erred in granting [Mr. Marks's] motion to withdraw is an issue that could have been raised on direct appeal, and is not cognizable in a post-conviction motion. Point denied.

(Resp. Exh. L at 2-3).

The Missouri Court of Appeals did not adjudicate Petitioner's claim on its merits, but instead rested its denial of the claim on state procedural grounds, clearly and expressly stating that Petitioner's claim was not cognizable on post-conviction review because it could have been raised on direct appeal. This state procedural ground is independent of federal law, and adequate to support the judgment. "It is not the office of a federal habeas court to determine that a state court made a mistake of state law." <u>Sweet v. Delo</u>, 125 F.3d 1144, 1151 (8th Cir. 1997) (citing <u>Estelle v. McGuire</u>, 502 U.S. 62, 67-68 (1991)). Petitioner offers no evidence, nor does independent research reveal, that Missouri courts fail to regularly follow the rule that claims which could have been raised on direct appeal cannot be raised during post-conviction proceedings. <u>See</u> <u>Middleton v. State</u>, 103 S.W.3d 726, 740 (Mo. banc 2003) (claims of trial court error

must be raised on direct appeal); see also State v. Hunter, 840 S.W.2d 850, 860 (Mo. banc 1992) ("Issues about which defendant and his counsel knew and which could have been raised at trial and by direct appeal may not be raised by post-conviction motion.")

Because Petitioner's claim in Ground 1 is procedurally defaulted, this Court may review it on its merits only if Petitioner can demonstrate cause and prejudice, or that this Court's failure to review the claim would result in a fundamental miscarriage of justice. Coleman, 501 U.S. at 724; see also Ivy, 173 F.3d at 1140. In order to satisfy the "cause" requirement, Petitioner must show an "external" impediment not attributable to him prevented him from properly presenting his claim to the state courts. Id. at 753 (citing Murray, 477 U.S. at 488 (1986).

Petitioner attributes his failure to raise this issue on direct appeal to the "[i]neffective assistance of counsel who failed to raise this issue." (Docket No. 1 at 5). Petitioner's attempt to establish cause to excuse the procedural default of his Claim in Ground One is unavailing. While the cause necessary to resuscitate a procedurally defaulted claim may include ineffective assistance of counsel, the petitioner must have properly raised that same ineffectiveness claim in state court. Becht v. United States, 403 F.3d 541, 545 (8th Cir. 2005). In the instant case, the record shows that, on appeal from the denial of his post-conviction motion, Petitioner raised only one claim, as described above. He made no allegations regarding ineffective assistance of

direct appeal counsel. In Missouri, claims of ineffective assistance of counsel must be presented in a motion for post-conviction relief pursuant to Rule 29.15. See Shigemura v. Groose, 45 F.3d 250, 251 (8th Cir. 1995) (internal citations omitted). In addition, to preserve such claims for federal habeas purposes, they must also be raised on appeal from the denial of the post-conviction motion. Jolly, 28 F.3d at 53 (citing Gilmore v. Armontrout, 861 F.2d 1061, 1065 (8th Cir. 1988)). Because Petitioner did not present a claim of ineffective assistance of direct appeal counsel to the Missouri state courts, he may not assert it herein as cause for his procedural default of his claim in Ground 1 of the original petition. See Becht, 403 F.3d at 545; see also Taylor v. Bowersox, 329 F.3d 963, 971 (8th Cir. 2003) (holding that a claim for ineffective assistance of direct appeal counsel must initially be presented to state courts as an independent claim before it may be used to establish cause for a procedural default in federal habeas proceeding); see also Williams v. Kemna, 311 F.3d 895, 897 (8th Cir. 2002).

In addition, Petitioner's argument that counsel was ineffective for failing to raise certain issues does not rise to the level of cause to excuse procedural default. The Constitution guarantees criminal defendants only a fair trial and competent counsel. See Murray, 477 U.S. at 486. It does not insure that counsel will recognize and raise every conceivable constitutional claim. Id. The mere fact that petitioner's attorneys failed to

recognize the factual or legal basis for a claim, or failed to raise a claim despite awareness of it, does not constitute cause to excuse a procedural default. <u>Id.</u> To establish cause, Petitioner must show something beyond counsel's control, such as State interference, actually prevented counsel from raising the claims and presenting evidence in state court. <u>Zeitvogel v. Delo</u>, 84 F.3d 276, 279 (8th Cir. 1996). Because Petitioner has failed to establish cause for his default, this Court need not address the issue of prejudice. <u>Osborne v. Purkett</u>, 411 F.3d 911, 920 (8th Cir. 2005) (citing <u>Lowe-Bey v. Groose</u>, 28 F.3d 816, 820 (8th Cir. 1994)).

Petitioner may also overcome his procedural default of Ground 1 by showing that this Court's failure to address the claim will result in a fundamental miscarriage of justice. <u>Coleman</u>, 501 U.S. at 735. A fundamental miscarriage of justice can be demonstrated only if it is shown that the alleged constitutional violation "has probably resulted in the conviction of one who is actually innocent." <u>Murray</u>, 477 U.S. at 496. A habeas petitioner attempting to avail himself of the fundamental miscarriage of justice exception to a showing of cause and prejudice must present new, reliable evidence that affirmatively demonstrates his innocence. <u>Johnson v. Norris</u>, 170 F.3d 816, 817-18 (8th Cir. 1999); <u>Abdi</u>, 450 F.3d at 338.

While Petitioner does state to the Court that he is legally, actually and factually innocent, at no point does he offer

new, reliable evidence that affirmatively demonstrates his innocence. A bare, conclusory assertion of innocence is insufficient to invoke the fundamental miscarriage of justice exception to a showing of cause and prejudice. See Sweet, 125 F.3d at 1152 n. 9 (citing Weeks v. Bowersox, 119 F.3d 1342, 1352-55 (8th Cir. 1997)). Petitioner therefore cannot escape procedural default via the fundamental miscarriage of justice exception to a showing of cause and prejudice, see Id., and Petitioner's claim in Ground 1 is procedurally barred from review in this Court.[5] It should therefore be dismissed without consideration of its merits.

    2.   <u>Grounds 2, 3, 5, 6 and 7 - Ineffective Assistance of Counsel</u>

In Ground 2, Petitioner claims that trial counsel was ineffective for failing to preserve for appeal issues related to his first attorney's withdrawal. In Ground 3, Petitioner claims that direct appeal counsel was ineffective for failing to raise the issue on direct appeal. In Ground 5, Petitioner claims that trial counsel was ineffective for failing to object to errors included and referenced on direct appeal. In Ground 6, Petitioner claims that trial counsel was ineffective for failing to make arguments

---

[5]In addition, to the extent Petitioner can be understood to assert his innocence as an independent claim for relief, such attempt fails. Absent an underlying constitutional violation, claims of actual innocence based on newly discovered evidence have never been held to state a claim for federal habeas relief. <u>Herrera v. Collins</u>, 506 U.S. 390, 404 (1993).

regarding the victim's height, weight, and lack of injuries. In Ground 7, Petitioner claims that Mr. Marks was ineffective because his withdrawal precluded Petitioner from utilizing his discovery, and left subsequent counsel with insufficient time to prepare for trial. Respondent contends that these claims are procedurally barred from review in this Court. The undersigned agrees.

In Missouri, claims of ineffective assistance of counsel must be presented in a motion for post-conviction relief pursuant to Rule 29.15. See Shigemura, 45 F.3d at 251 (internal citations omitted). In addition, to preserve such claims for federal habeas review, the petitioner must also raise them on appeal from the denial of the post-conviction motion. Jolly, 28 F.3d at 53 (citing Gilmore, 861 F.2d at 1065).

In the case at bar, on appeal from the denial of his post-conviction motion, Petitioner alleged one claim: that his Sixth Amendment rights were violated when he was denied his choice of counsel in that the trial court allowed Mr. Marks to withdraw. While the facts Petitioner alleged in support of that claim may be construed as being somewhat related to those he alleges in support of Grounds 2, 3 and 7, Petitioner's sole claim on appeal from the denial of his post-conviction motion was based upon trial court error, not ineffective assistance of counsel. Even if it could be said that the facts were the same (which even a liberal reading of the Petition would not permit), because the claim Petitioner raised in state court was based upon a different legal theory than the

claims he attempts to raise herein, it cannot be said that Petitioner fairly presented to the state courts the substance of the claims he attempts to present herein in Grounds 2, 3 and 7. See Wemark, 322 F.3d at 1021 (the fair presentation requirement is satisfied when the petitioner has properly raised in state court the same factual grounds and legal theories he attempts to raise in federal court). These claims are therefore barred from review in this Court. See Jolly, 28 F.3d at 53 (a claim is barred from federal habeas review if the petitioner failed to fairly present the substance of the claim to the state courts at each step of the judicial process). In addition, because Petitioner failed to raise the ineffective assistance claims he attempts to raise in Grounds 5 and 6 to the Missouri Court of Appeals on appeal from the denial of his post-conviction motion, they are barred from review in this Court. See Id.

Due to Petitioner's procedural default, this Court may not review the merits of the claims Petitioner attempts to raise in Grounds 2, 3, 5, 6 and 7 absent Petitioner's demonstration of cause and prejudice, or a demonstration that this Court's failure to review the claims would result in a fundamental miscarriage of justice. In an attempt to establish cause to excuse his procedural default of Grounds 2 and 3, Petitioner claims that his attorneys failed to raise the claims. Petitioner's argument is unavailing. As stated above, while the cause necessary to resuscitate a procedurally defaulted claim may include ineffective assistance of

counsel, Petitioner must have properly raised that same ineffectiveness claim in state court. Becht, 403 F.3d at 545. As explained above, Petitioner raised only one claim on appeal from the denial of his post-conviction motion which, as described above, was based upon court error and not ineffective assistance of counsel. Because Petitioner did not present a claim of ineffective assistance of direct appeal counsel to the Missouri state courts, he may not assert it herein as cause to excuse the procedural default of any of his claims. See Id.; see also Taylor, 329 F.3d at 971 (holding that a claim for ineffective assistance of direct appeal counsel must initially be presented to state courts as an independent claim before it may be used to establish cause for a procedural default in federal habeas proceeding); see also Williams, 311 F.3d at 897. In addition, Petitioner's argument that counsel was ineffective for failing to raise certain claims does not rise to the level of cause necessary to excuse his procedural default. See Murray, 477 U.S. at 486. Because Petitioner has failed to establish cause for his default, this Court need not address the issue of prejudice. Osborne, 411 F.3d at 920 (citing Lowe-Bey, 28 F.3d at 820).

In an apparent attempt to excuse the procedural default of Grounds 5, 6 and 7, Petitioner states that the matters were included in his post-conviction motion, but were not ruled upon by the motion court. This does not, however, explain why Petitioner failed to raise the claims he attempts to present herein on appeal

from the denial of his post-conviction motion.  See Jolly, 28 F.3d
at 53 (citing Gilmore, 861 F.2d at 1065) (to preserve such claims
for federal habeas purposes, they must also be raised on appeal
from the denial of the post-conviction motion).   In addition,
Petitioner's claim of motion court error refers to a proceeding
that  is  collateral  to  his  conviction  and  detention,  and  is
therefore not cognizable in these proceedings.  Williams-Bey v.
Trickey, 894 F.2d 314, 317 (8th Cir. 1990) (citing Mitchell v.
Wyrick, 727 F.2d 773, 774 (8th Cir. 1984) (holding that a § 2254
petitioner's claim that state post-conviction court's failure to
make findings on allegation that prosecution withheld discovery "is
collateral  to  appellant's  conviction  and  detention,  and  is
therefore not cognizable in a 28 U.S.C. § 2254 petition").

Even  absent  the  foregoing,  in  order  for  this  Court  to
find that the error amounts to the cause necessary to excuse
Petitioner's  procedural  default,  Petitioner  would  have  to
demonstrate that he used "any available procedure" to present those
claims in state court.  28 U.S.C. § 2254(c).  To have satisfied
this requirement, Petitioner had to have challenged the motion
court's failure to address his claims in the appropriate state
forum.   Petitioner did not do so.  Boliek v. Bowersox, 96 F.3d
1070, 1072 (8th Cir. 1996) (declining to decide whether the
petitioner's allegation of motion court error constituted cause,
noting that "[e]ven if the motion court's actions amounted to
cause, for us to rule on [petitioner's] habeas claims, he must have

used 'any available procedure' to present those claims in state court. 28 U.S.C. § 2254(c). To have satisfied this exhaustion requirement, [petitioner] had to have challenged the conduct of the motion court in the appropriate state forum. He did not do so.") While Petitioner here appealed the denial of his post-conviction motion to the Missouri Court of Appeals, he raised no claims of ineffective assistance of counsel and raised no claims related to the motion court's alleged failure to rule on any of his claims. Petitioner is therefore precluded from asserting this issue as cause to excuse his procedural default. Jones v. Jerrison, 20 F.3d 849, 856 (8th Cir. 1994)(citing Maynard v. Lockhart, 981 F.2d 981, 984 (8th Cir. 1992)("a habeas petitioner cannot allege as cause an issue that has not itself been presented to the state courts in the first instance").

Petitioner may also overcome his procedural default of Grounds 2, 3, 5, 6 and 7 by showing that this Court's failure to address the claims will result in a fundamental miscarriage of justice. Coleman, 501 U.S. at 735. At no point, however, does Petitioner present this Court with new, reliable evidence that affirmatively demonstrates his innocence. He therefore cannot escape procedural default via the fundamental miscarriage of justice exception to a showing of cause and prejudice. See Id. Schlup v. Delo, 513 U.S. 298, 314-15 (1995); Washington v. Delo, 51 F.3d 756, 761 (8th Cir. 1995); see also McCall v. Benson, 114 F.3d 754, 758 (8th Cir. 1997).

Because of the procedural default doctrine, the Court should dismiss the claims Petitioner attempts to present in Grounds 2, 3, 5, 6 and 7 without consideration of their merits.

3.  Ground 4 – Motion Court Error

In Ground 4 of his original petition, Petitioner alleges that the motion court erred in denying his post-conviction motion without an evidentiary hearing.  As Respondent correctly notes, this claim is not cognizable in these proceedings.  "Section 2254 only authorizes federal courts to review the constitutionality of a state criminal conviction, not infirmities in a state post-conviction relief proceeding."  Williams-Bey, 894 F.2d at 317 (citing Mitchell, 727 F.2d at 774 (8th Cir. 1984).  "Because there is no federal constitutional requirement that states provide a means of post-conviction review of state convictions, an infirmity in a state post-conviction proceeding does not raise a constitutional issue cognizable in a federal habeas petition."  Id. (citing Williams v. State of Missouri, 640 F.2d 140, 143 (8th Cir. 1981)).  "Habeas relief is available to a state prisoner 'only on the ground that he is in custody in violation of the constitution or laws of treaties of the United States.'"  Id. (citing 28 U.S.C. § 2254(a)).  Petitioner's claim that the motion court erred in denying him an evidentiary hearing is collateral to his conviction and detention, and is therefore not cognizable in Petitioner's 28 U.S.C. § 2254 petition.

In sum, Petitioner's claims in Grounds 1, 2, 3, 5, 6 and

7 of the original petition should be dismissed without consideration of their merits due to the procedural default doctrine. Petitioner's claim in Ground 4 of the original petition should be dismissed because it is not cognizable in these proceedings.

**B.** **Amended Petition**

1. <u>Grounds 1-15, 17, and 18</u>

The claims for relief Petitioner asserts in Grounds 1-15, 17 and 18 of his Amended Petition are set forth above. Respondent contends that these claims are procedurally barred from review because Petitioner failed to fairly present them to the state courts. Indeed, review of the record reveals that Petitioner did not fairly present any of the claims he attempts to raise in Grounds 1-15, 17 or 18 in accordance with Missouri state procedure, either during his direct appeal or post-conviction proceedings. Petitioner's failure to do so erects a procedural bar, <u>see</u> <u>Jolly</u>, 28 F.3d at 53 (a claim is barred from federal habeas review if the petitioner failed to fairly present the substance of the claim to the state courts at each step of the judicial process), and these claims may not be reviewed by this Court unless Petitioner can demonstrate cause and prejudice, or that failure to consider his claims will result in a fundamental miscarriage of justice. <u>Coleman</u>, 501 U.S. at 750. In order to satisfy the "cause"

requirement, Petitioner must show that an "external" impediment, something which cannot be attributed to him, prevented him from presenting his claim to the state court in a procedurally proper manner. Id. at 753 (citing Murray, 477 U.S. at 488).

In an effort to avoid the procedural default doctrine, Petitioner notes that he presented these claims in his state petition for writ of habeas corpus filed pursuant to Rule 91.[6] Petitioner's argument is unavailing. A state habeas petition cannot be used to remove a procedural default. See Burns v. Gammon, 173 F.3d 1089, 1091 (8th Cir. 1999) (A Rule 91 petition does not remove a prior procedural default); see also Sweet, 125 F.3d at 1150-51 (a Rule 91 habeas corpus petition cannot be used to raise a claim that was procedurally defaulted during the post-conviction process).

Petitioner also suggests that the fact that this Court granted his earlier Motion for Stay and Abeyance serves to excuse his failure to fairly present his claims in state court, thus saving him from the procedural default doctrine. This argument is meritless. Again, because Petitioner failed to fairly present the substance of each claim to the state courts at each step of the judicial process, the claims are barred from review in this Court.

---

[6]In denying Petitioner's Rule 91 petition, the 25th Judicial Circuit Court of Texas County, Missouri, declined to address the merits of any of Petitioner's claims, finding instead that Petitioner had defaulted all of the claims because he could have, but failed to, raise them on direct appeal or during his post-conviction proceedings. (Resp. Exh. O).

See <u>Jolly</u>, 28 F.3d at 53.

Petitioner also makes several allegations of ineffective assistance of counsel. To the extent Petitioner's allegations of ineffective assistance of trial or direct appeal counsel can be viewed as independent claims for relief, they are procedurally barred because Petitioner did not raise any claims of ineffective assistance of counsel during his state post-conviction proceedings. <u>See</u> <u>Jolly</u>, 28 F.3d at 53 (a claim is barred from federal habeas review if the petitioner failed to fairly present the substance of the claim to the state courts at each step of the judicial process). To the extent Petitioner's arguments related to alleged ineffective assistance of trial and direct appeal counsel can be viewed as attempts to establish cause to avoid the operation of the procedural default doctrine related to any of his claims, such attempts fail because Petitioner failed to raise any claims of ineffective assistance of trial or direct appeal counsel during his state post-conviction proceedings. <u>See</u> <u>Taylor</u>, 329 F.3d at 971 (a claim for ineffective assistance of direct appeal counsel must initially be presented to state courts as an independent claim before it may be used to establish cause for a procedural default in federal habeas proceeding); <u>see</u> <u>also</u> <u>Maynard</u>, 981 F.2d at 984 ("a habeas petitioner cannot allege as cause an issue that has not itself been presented to the state courts in the first instance").

To the extent Petitioner's arguments regarding post-conviction counsel can be liberally construed as an attempt to

establish cause to excuse the procedural default of any of his claims, such contentions must be rejected in light of the Supreme Court's decision in Coleman, 501 U.S. at 752-53 (holding that, because there is no constitutional right to counsel in state post-conviction proceedings, deficient performance of counsel in such proceedings cannot constitute cause to excuse procedural default). See also Lowe-Bey, 28 F.3d 816; Nolan v. Armontrout, 973 F.2d 615 (8th Cir. 1992); Storey v. Roper, 603 F.3d 507, 524 (8th Cir. 2010) (citing Coleman, 501 U.S. at 755-57). To the extent Petitioner's arguments can be liberally construed as an attempt to establish a claim of ineffective assistance of post-conviction counsel as an independent claim or claims for relief, such attempts fail because claims of ineffective assistance of post-conviction counsel are not cognizable in federal habeas corpus proceedings. 28 U.S.C. § 2254(i) ("The ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254").

As before, the crux of Petitioner's arguments related to ineffective assistance of counsel seems to be that his attorneys failed to raise various issues during Petitioner's proceedings in state court. However, as discussed above, such allegations are insufficient to make the required showing of cause to excuse procedural default. See Murray, 477 U.S. at 486. To establish cause, Petitioner must show something beyond counsel's control,

such as State interference, actually prevented counsel from raising the claims and presenting evidence in state court.  <u>Zeitvogel</u>, 84 F.3d at 279.

Petitioner also states that it would have been futile to raise in state court the claims he attempts to present herein.  To the extent Petitioner can be understood to assert this point as cause to excuse his procedural default, such contention is misplaced.  Futility is an exception to the exhaustion requirement. <u>Wainwright v. Sykes</u>, 433 U.S. 72 (1977); <u>Smittie v. Lockhart</u>, 843 F.2d 295, 296 (8th Cir. 1988).  Futility is applicable in the federal habeas context when the petitioner has a currently available state remedy.  This is not the case here.  An allegation of futility cannot serve to overcome procedural default.  <u>See</u> <u>Maynard</u>, 981 F.2d at 985 (futility itself cannot establish cause to excuse a procedural default).

Petitioner also argues that the state of Missouri's post-conviction and habeas proceedings were ineffective and inadequate to protect his Constitutional rights.  However, "an infirmity in a state post-conviction proceeding does not raise a constitutional issue cognizable in a federal habeas petition." <u>Gee v. Groose</u>, 110 F .3d at 1351–52.  Section 2254 only authorizes federal courts to review the constitutionality of a state criminal conviction, not infirmities in the state's  post-conviction relief proceeding." <u>Williams-Bey</u>, 894 F.2d at 317. Furthermore, infirmities in state habeas proceedings do not constitute cause to excuse a procedural

default.  See <u>Beazley v. Johnson</u>, 242 F.3d 248, 271 (5th Cir. 2001) (ineffective state process and ineffective state habeas counsel did not excuse petitioner from exhausting claims in state court); <u>see also</u> <u>Bolder v. Armontrout</u>, 983 F.2d 98, 99 (8th Cir. 1992) (leave to file successive habeas petition denied where ineffective assistance of state habeas counsel and inadequate funding of state habeas counsel's public defender office were asserted as cause to excuse procedural bar).

For the foregoing reasons, the undersigned determines that Petitioner herein has failed to demonstrate cause to excuse his procedural default of the claims he attempts to raise in Grounds 1-15, 17 and 18.  Because Petitioner has not established cause for his procedural default, the question of prejudice need not be reached.  See <u>Oxford v. Delo</u>, 59 F.3d 741, 748 (8th Cir. 1995).

Petitioner may also overcome his procedural default of his claims in Grounds 1-15, 17 and 18 by invoking the fundamental miscarriage of justice exception to a showing of cause and prejudice.  <u>Coleman</u>, 501 U.S. at 735.  However, Petitioner does not present new, reliable evidence that affirmatively demonstrates his innocence.  <u>Abdi</u>, 450 F.3d at 338 (in order for a habeas petitioner to invoke the fundamental miscarriage of justice exception, he must present new evidence that affirmatively demonstrates that he is innocent of the crime for which he was convicted).  A bare, conclusory assertion of innocence is insufficient to successfully

invoke the fundamental miscarriage of justice exception to a showing of cause and prejudice.  <u>See</u> <u>Sweet</u>, 125 F.3d at 1152 n. 9 (citing <u>Weeks</u>, 119 F.3d at 1352-55).

    2.  <u>Grounds 19, 20 and 21</u>

      In Ground 19, Petitioner claims that he was harmed and prejudiced by the denial of his Sixth Amendment right to counsel of his choice.  In Ground 20, Petitioner claims that he suffered prejudice and harm when his attorney was allowed to withdraw following an improper <u>ex</u> <u>parte</u> hearing.  In Ground 21, Petitioner claims that he suffered prejudice and harm when he was abandoned by his originally-retained counsel.  In all three of these claims, Petitioner includes allegations that he received ineffective assistance of counsel regarding the issues therein.  As Respondent correctly contends, all of these claims are procedurally barred from review in this Court.

      Petitioner did not raise any of these claims on direct appeal.  Furthermore, even if Petitioner's claims in Grounds 19, 20 and 21 could be liberally construed to assert the same claim he raised to the Missouri Court of Appeals on appeal from the denial of his post-conviction motion, the claim or claims would be barred from review in this Court.  As discussed above, on appeal from the denial of his post-conviction motion, Petitioner raised a single point: that the motion court erred when it denied his post-conviction motion without holding an evidentiary hearing because he demonstrated that his Sixth Amendment right to counsel of his

choice was violated when the trial court erroneously permitted Mr. Marks to withdraw from Petitioner's case. (Resp. Exh. J). The Missouri Court of Appeals rested its denial of Petitioner's claim on state procedural grounds, clearly and expressly stating that Petitioner's claim was not cognizable on post-conviction review because it could have been raised on direct appeal. This state procedural ground is independent of federal law, and adequate to support the judgment. As explained above, "[i]t is not the office of a federal habeas court to determine that a state court made a mistake of state law." <u>Sweet</u>, 125 F.3d at 1151 (citing <u>Estelle</u>, 502 U.S. at 67-68).

Petitioner states that he described these issues to his attorneys, who did not raise the issues on his behalf in state court. To the extent Petitioner can be understood to assert ineffective assistance of trial or direct appeal counsel as cause to excuse his procedural default, such attempt fails because Petitioner failed to raise any claims of ineffective assistance of trial or direct appeal counsel during his state post-conviction proceedings. <u>See</u> <u>Taylor</u>, 329 F.3d at 971 (a claim for ineffective assistance of direct appeal counsel must initially be presented to state courts as an independent claim before it may be used to establish cause for a procedural default in federal habeas proceeding); <u>see</u> <u>also</u> <u>see</u> <u>also</u> <u>Maynard</u>, 981 F.2d at 984 ("a habeas petitioner cannot allege as cause an issue that has not itself been presented to the state courts in the first instance"). To the

extent Petitioner can be understood to assert ineffective assistance of post-conviction counsel as cause to excuse his procedural default, such attempt fails. See Coleman, 501 U.S. at 752-53 (holding that, because there is no constitutional right to counsel in state post-conviction proceedings, deficient performance of counsel in such proceedings cannot constitute cause to excuse procedural default).

As before, Petitioner appears to focus upon the failure of his attorneys to raise certain issues. As explained previously, the mere fact that Petitioner's attorneys failed to recognize the factual or legal basis for a claim, or failed to raise a claim despite awareness of it, does not constitute cause to excuse a procedural default. Murray, 477 U.S. at 486. To establish cause, Petitioner must show something beyond counsel's control, such as State interference, actually prevented counsel from raising the claims and presenting evidence in state court. Zeitvogel, 84 F.3d at 279. Finally, Petitioner makes no attempt to present this court with new, reliable evidence that affirmatively demonstrates his innocence. A bare, conclusory assertion of innocence is not sufficient to successfully invoke the fundamental miscarriage of justice exception to a showing of cause and prejudice. See Sweet, 125 F.3d at 1152 n. 9 (citing Weeks, 119 F.3d at 1352-55).

Because of the procedural default doctrine, Petitioner's claims in Grounds 19, 20 and 21 should be dismissed without consideration of their merits.

3. <u>Grounds 22, 23, and 24</u>

In Ground 22, Petitioner claims that trial counsel was ineffective for failing to raise various issues, and appellate and post-conviction counsel rendered ineffective assistance regarding this issue. In Ground 23, Petitioner claims that appellate counsel was ineffective for failing to raise various issues, and that post-conviction counsel rendered ineffective assistance regarding this issue. For all of the reasons previously explained, any claims of ineffective assistance of counsel are procedurally barred from review in this Court because Petitioner failed to fairly present any such claims to the Missouri state courts during his post-conviction proceedings.

In Ground 24, Petitioner claims that post-conviction counsel abandoned him inasmuch as counsel did not raise certain issues despite Petitioner's insistence. Petitioner argues that, while claims of post-conviction counsel's ineffectiveness are generally unreviewable in federal habeas, there exists an exception in cases of abandonment by post-conviction counsel, citing several Missouri state decisions in support. Despite Petitioner's arguments to the contrary, the Missouri state decisions he cites do not provide an exception to the rule that is codified in the federal habeas statute: "The ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254." 28 U.S.C. § 2254(i). Because

Petitioner has no constitutional right to effective post-conviction counsel, his post-conviction counsel's abandonment of certain claims is not a basis for federal habeas relief.

To the extent that Petitioner's <u>pro</u> <u>se</u> arguments can be liberally construed to assert abandonment as an excuse for the procedural default of any of his claims, this argument fails. <u>Clemmons v. Delo</u>, 124 F.3d 944, 947 (8th Cir. 1997) (omission of issues from post-conviction motion by post-conviction counsel "cannot be 'cause' to excuse a procedural default"). Furthermore, to the extent Petitioner can be understood to argue that the state court should have determined that post-conviction counsel abandoned him, this argument also fails. <u>Schleeper v. Groose</u>, 36 F.3d 735, 737 (8th Cir. 1994) (finding no due process violation where the petitioner "alleged violation of a state rule concerning post-conviction proceedings, an area in which a defendant is not necessarily afforded constitutional protections").

Petitioner also makes statements related to the failure of his attorneys to raise certain issues. To the extent these statements can be liberally construed as attempts to establish cause to excuse procedural default, such attempts fail for all of the reasons explained above. Also as explained above, Petitioner cannot avail himself of the fundamental miscarriage of justice exception to a showing of cause and prejudice.

Therefore, because of the procedural default doctrine, the claims Petitioner attempts to assert in Grounds 1-15 and 17-24

should be dismissed without consideration of their merits.

## IV.    Claim Addressed on the Merits

In Ground 16 of Petitioner's Amended Petition, he alleges that the trial court erred when it refused to allow him to introduce the written statement he made to police.[7]  In support of his claim in Ground 16, Petitioner argues that the prosecutor "opened the door" to the admission of the written statement because he repeatedly questioned Petitioner regarding the consistency between his testimony and written statement.  (Docket No. 40 at 108-13).  Petitioner fairly presented the factual bases and legal theories of this claim to the Missouri Court of Appeals during his direct appeal proceedings.  However, the Missouri Court of Appeals only reviewed Petitioner's claim for plain error after determining that the claim was not the same as the one he asserted in his motion for new trial, which was that the trial court erred in excluding his written statement because it included information provided to him by the victim that substantiated his version of events.  (Resp. Exh. G at 11).

In reviewing the claim for plain error and denying it on its merits, the Missouri Court of Appeals noted the broad

_____

[7]In Ground 16, Petitioner also claims that his trial, appellate and post-conviction attorneys rendered ineffective assistance regarding this issue. However, for all of the reasons previously discussed, any claims of ineffective assistance of counsel are procedurally barred from review, and Petitioner is also precluded from asserting them as cause to excuse the procedural default of any of his claims.  The only part of Ground 16 that is considered on its merits is Petitioner's claim of trial court error.

discretion afforded to the trial court in determining whether to admit or exclude evidence. (Id. at 10-11). The Missouri Court of Appeals discussed the admissibility of prior consistent statements made by witnesses, agreed with the trial court that Petitioner's written statement was properly characterized as self-serving hearsay, and concluded that, on that basis, Petitioner's written statement was not admissible to the extent he argued. (Id.)

The fact that the Missouri Court of Appeals only reviewed Petitioner's claim for plain error does not result in a procedural bar, James v. Bowersox, 187 F.3d 866, 869 (8th Cir. 1999), and this Court will review Petitioner's claim for plain error. Roll v. Bowersox, 177 F.3d 697, 700 (8th Cir. 1999); see also Hornbuckle v. Groose, 106 F.3d 253, 257 (8th Cir. 1997) (because the Missouri Court of Appeals only reviewed this claim for plain error, this Court is limited to plain error review). Plain error is error which is both obvious and substantial. United States v. Frady, 456 U.S. 152, 163 (1982), (citing United States v. Gerald, 624 F.2d 1291, 1299 (5th Cir. 1980)).

In addressing the substance of Petitioner's claim, the Missouri Court of Appeals wrote as follows:

> However, a prior consistent statement can be used to rehabilitate a witness who has been impeached by a prior inconsistent statement. (State v.) Cole, 867 S.W.2d at 686. This rule is not to be interpreted so narrowly as to mean that a prior consistent statement can only be introduced into evidence if a prior inconsistent statement has been introduced. State v. Hanson, 735 S.W.2d 100, 102 (Mo. App. 1987). "Any evidence tending to permit an inference [that] the testimony of a witness

is recently fabricated opens the door to the introduction of a statement consistent with the witness's testimony if made prior to the suggested fabrication." Id. This does not open the floodgates to admit prior statements of a witness on a wholesale basis. The use of a prior consistent statement is to be limited to the extent necessary to counter the subject on which the witness was impeached. Cole, 867 S.W.3d at 686. The use of a prior consistent statement that exceeds the scope of the impeachment is incompetent and inadmissible. Id.

The situation in this case is similar to that in State v. Parks, 576 S.W.2d 751, 752 (Mo. App. 1979). In that case, a defendant argued that the trial court erred by not permitting him to read a written statement that he had made to the police to the jury in its entirety to show that his testimony at trial was consistent with what he had told the police at the time of his arrest. Id. The trial court permitted the defendant's counsel to read any portion of the prior statement upon which the defendant had been impeached. Id. The appellate court held that the trial court did not err by doing this. Id. Missouri courts have consistently permitted the use of prior consistent statement [sic] to rehabilitate a witness who been [sic] impeached only to the limited extent necessary to counter the subject on which the witness was impeached. See State v. Bell, 936 S.W.2d 204, 206 (Mo. App. 1996); Cole, 867 S.W.3d at 686. This is what the trial court did in the case before this Court. The trial court did not err in excluding Exhibit B, Defendant's written statement. Point denied.

The judgment of the trial court is affirmed.

(Resp. Exh. G at 12-13).

Section 2254(d)(1) allows federal habeas courts to test the determinations of state courts "only against clearly established federal law, as determined by the Supreme Court of the United States," and prohibits the issuance of a writ of habeas corpus unless the state court's decision is "contrary to or involved an unreasonable application of clearly established federal law." Williams v. Taylor, 529 U.S. 362, 379 (2000). A state

court's decision is contrary to clearly established Supreme Court precedent when it is opposite to the Court's conclusion on a question of law, or different than the Court's conclusion on a set of materially indistinguishable facts. <u>Williams</u>, 529 U.S. at 412-13; <u>Carter v. Kemna</u>, 255 F.3d 589, 591 (8th Cir. 2001).

At the time Petitioner's conviction became final, the law was clearly established that the Fourteenth Amendment to the United States Constitution guarantees a criminal defendant the right to due process of law. U.S. CONST. AMEND. XIV. Evidentiary rulings are matters of state law, and on habeas review, the federal court does not examine whether the ruling was proper under state law. <u>See</u> <u>Estelle</u>, 502 U.S. at 67. In fact, evidentiary rulings in state trials rarely rise to the level of a federal constitutional violation. <u>Nebinger v. Ault</u>, 208 F.3d 695, 697 (8th Cir. 2000). A federal court may grant habeas relief when a state court's evidentiary ruling "infringes upon a specific federal constitutional right or is so grossly or conspicuously prejudicial that it fatally infected the trial and denied the defendant the fundamental fairness that is the essence of due process." <u>Maynard</u>, 981 F.2d at 986 (quoting <u>Berrisford v. Wood</u>, 826 F.2d 747, 749 (8th Cir. 1987)). To meet this standard, a petitioner "must show a reasonable probability that the error affected the trial's outcome." <u>Troupe v. Groose</u>, 72 F.3d 75, 76 (8th Cir. 1995); <u>see</u> <u>also</u> <u>Meadows v. Delo</u>, 99 F.3d 280, 283 (8th Cir. 1996).

Review of the state court's decision reveals no obvious

and substantial error. During Petitioner's trial, he asserted consent as his theory of defense. (Resp. Exh. A at 280-85). Petitioner testified that, contrary to S.B.'s testimony, he had given her rides on approximately five previous occasions, during which she told him personal information that he otherwise would not have known, information he included in his written statement. (<u>Id.</u> at 499-506). During cross-examination of Petitioner, the prosecutor questioned him regarding his written statement, asking him whether his trial testimony was consistent with the information in his written statement. (<u>Id.</u> at 528, 532, 535, 540-41). Petitioner moved to admit the written statement in its entirety, but the trial court ruled that he could only use the portions of the prior consistent written statement for purposes of rehabilitation. (<u>Id.</u> at 551-553). The trial court ruled that the statement could not be admitted in its entirety. (Resp. Exh. A at 590-92). The Missouri Court of Appeals upheld the trial court's evidentiary ruling. (Resp. Exh. G).

The state court's decision is consistent with Supreme Court precedent recognizing that the admissibility of prior consistent statements of witnesses is limited to those statements offered to rebut a charge of "recent fabrication or improper influence or motive." <u>Tome v. U.S.</u>, 513 U.S. 150, 157 (1995). "Prior consistent statements may not be admitted to counter all forms of impeachment or to bolster the witness merely because [he] has been discredited." <u>Id.</u> It therefore cannot be said that the

state court's adjudication of Petitioner's claim in Ground 16 "resulted in a decision that was contrary to, or involved an unreasonable application of," clearly established federal law.  28 U.S.C. § 2254(d)(1).  In addition, Petitioner has not shown that the court's determination "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding."  28 U.S.C. §2254(d)(2).  Petitioner's claim in Ground 16 should therefore be denied as meritless.

Therefore, for all of the foregoing reasons,

**IT IS HEREBY RECOMMENDED** that petitioner Joseph Murchison's petitions for writ of habeas corpus be dismissed without further proceedings.

The parties are advised that they have until December 30, 2011 in which to file written objections to this Report and Recommendation.  Failure to timely file objections may result in waiver of the right to appeal questions of fact.  <u>Thompson v. Nix</u>, 897 F.2d 356, 257 (8th Cir. 1990).

_Frederick R. Buckles_
Frederick R. Buckles
UNITED STATES MAGISTRATE JUDGE

Dated this 16th day of December, 2011.