UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| JOSEPH MURCHISON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Cause No. 4:09 CV 431 RWS |
| | ) | |
| STEVE LARKINS,[1] | ) | |
| | ) | |
| Respondent. | ) | |

**MEMORANDUM AND ORDER**

This matter is before me on a Report and Recommendation that I deny Petitioner Joseph Murchison's writ of habeas corpus under 28 U.S.C. § 2254. I referred this matter to United States Magistrate Judge Frederick R. Buckles for a report and recommendation on all dispositive matters pursuant to 28 U.S.C. § 636(b). On December 16, 2011, Judge Buckles filed his recommendation that Murchison's habeas petition should be denied. Murchison raises seven objections to the Report and Recommendation [#58]. I have conduced a de novo review of all matters relevant to the petition and address each objection below.

*Objection 1 and 3*

Joseph Murchison argues that the Magistrate Judge erred by recommending that I find that Grounds 1, 2, 3, 5, 6, and 7 of Respondent's original petition and Grounds 1 -15 and 17-24 of Respondent's amended petition are procedurally defaulted. Murchison argues that the State of Missouri's procedures were external impediments that caused his claims to be defaulted and he

---

[1] Terry Russell is currently the warden at Eastern Reception, Diagnostic and Correctional Center, Petitioner's place of incarceration. Terry Russell should therefore be substituted for Steve Larkins as the Respondent in this case. See Rule 2(a), Rules Governing Section 2254 Cases in the United States District Courts.

has been prejudiced because the procedural default resulted in his claims not being reviewed.

Murchison raised a single argument when appealing the denial of his motion for post conviction relief. Murchison argued that his Sixth Amendment rights were violated when he was denied his choice of counsel in that the trial court allowed Murchison's first attorney to withdraw. The Missouri Court of Appeals denied Murchison's appeal for post-conviction relief because Murchison could have, but failed to, raise the issue on direct appeal. Murchison did assert multiple grounds of relief in his state habeas petition. The state court denied each ground for relief because each was procedurally barred as a result of Murchison's failure to raise the arguments on direct appeal or in his post-conviction proceedings.

I find that the Magistrate Judge correctly analyzed Murchison's petition and correctly applied the law in reaching his recommendation that Grounds 1 through 3 and 5 through 7 of Murchison's original petition and Grounds 1 through 15 and 17 through 24 of Murchison's amended petition are procedurally defaulted. As a result, Murchison's objection is denied.

*Objection 2*

Second, Murchison argues that the Magistrate Judge erred in finding that the alleged failure of Murchison's counsel to recognize, develop and preserve claims did not constitute cause to excuse the procedural default of his claims. Murchison did not argue that his trial counsel was ineffective when he appealed the denial of his motion for post conviction relief. I find that the Magistrate Judge correctly analyzed the petition and correctly applied the law in reaching his recommendation that Murchison did not establish cause to excuse the procedural default of his claims.

*Objection 4 and 5*

Fourth, Murchison argues that the Magistrate Judge improperly found that Petitioner did not use any available procedure under 28 U.S.C. § 2254(c) to present his claims in state court. Murchison argues that the Magistrate Judge did not consider his pursuing a state habeas petition under Rule 91. Murchison also argues the Magistrate Judge improperly found that Murchison did not raise the ineffective assistance of trial and appellate counsel and abandonment of post conviction counsel in Grounds 22, 23, and 24 as independent claims to the State of Missouri.

Murchison misconstrues the Magistrate Judge's Recommendation. The Magistrate Judge correctly reasoned that Murchison did not raise claims of ineffective assistance of counsel to the Missouri Court of Appeals when he appealed the denial of his post conviction relief motion. Murchison's state habeas petition was denied for asserting procedurally defaulted claims. As a result, Objections 4 and 5 are denied.

*Objection 6*

Sixth, Murchison argues that Rule 29.15 is not adequate to protect his right to federal habeas corpus and, as a result, I should rule on the merits of Murchison's claims. In order to consider the merits of a procedurally defaulted claim, Murchison must demonstrate cause for the default and actual prejudice or that the failure to consider the claim will result in a fundamental miscarriage of justice. I find that Murchison's argument that Rule 29.15 does not adequately protect his right to federal habeas corpus is unpersuasive and find that the Magistrate Judge properly found that Murchison failed to satisfy either basis for reviewing Murchison's procedurally defaulted claims.

*Objection 7*

Finally, Murchison argues that the Magistrate Judge erred in recommending the claim in Ground 16 of the amended petition was without merit. In Ground 16, Murchison alleges the trial court erred when it refused to allow him to introduce the written statement he made to police. I find that the Magistrate Judge correctly analyzed the trial court's evidentiary ruling and recommended that I find that the state court's decision is consistent with established Supreme Court precedent and cannot be found to have resulted in a decision contrary to or involving the unreasonable application of clearly established federal law.

***Conclusion***

I find that Magistrate Judge Frederick Buckles correctly analyzed Murchison's grounds for relief and correctly applied the law in reaching his recommendation. After careful consideration, I will adopt and sustain the thorough reasoning of Judge Buckles and will deny Murchison's habeas petition.

I have also considered whether to issue a certificate of appealability. To grant a certificate of appealability, a court must find a substantial showing of the denial of a federal constitutional right. See Tiedeman v. Benson, 122 F.3d 518, 522 (8th Cir. 1997). A substantial showing is a showing that issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings. Cox v. NOrris, 133 F.3d 565, 569 (8th cir. 1997) (citing Fleiger v. Delo, 16 F.3d 878, 882-82 (8th Cir. 1994).

I believe that Murchison has not made such a showing on the grounds raised in his petition. Therefore I will not issue a certificate of appealability.
Accordingly,

**IT IS HEREBY ORDERED that** the Report and Recommendation filed on December 16, 2011 is **SUSTAINED, ADOPTED AND INCORPORATED** herein.

**IT IS FURTHER ORDERED that** Petitioner Joseph Murchison's Petition for Writ of Habeas Corpus is **DENIED**.

**IT IS FURTHER ORDERED that** the Court will not issue a certificate of appealability.

A separate Judgment in accordance with this Memorandum and Order is entered this same date.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 23rd day of February, 2012.