UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JOSEPH MURCHISON, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Cause No. 4:09 CV 431 RWS |
| ) | |
| STEVE LARKINS,[1] ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM AND ORDER

This matter is before me on petitioner Joseph Murchison's Motion to Alter or Amend Judgment or, in the Alternative, Reconsider. This is Murchison's second motion asking the Court to reconsider its denial of habeas corpus relief. For the reasons stated below, Murchison's motion will be denied.

On November 10, 2004, Murchison was convicted by a jury of forcible sodomy and forcible rape. He was sentenced to two concurrent 20 year terms of imprisonment. After Petitioner appealed his convictions and the denial of post-conviction relief to the Missouri Court of Appeals, he filed this case for habeas relief under 28 U.S.C. § 2254. On February 23, 2012, this Court issued a memorandum and order sustaining, adopting, and incorporating the Magistrate Judge's Report and Recommendation and denying Murchison's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. A final judgment denying Murchison's petition was also entered that same date. The Court found that several of Murchison's claims failed because they were procedurally barred at various stages of the case, including during post-

---

[1] Terry Russell is currently the warden at Eastern Reception, Diagnostic and Correctional Center, Petitioner's place of incarceration. Terry Russell should therefore be substituted for Steve Larkins as the Respondent in this case. See Rule 2(a), Rules Governing Section 2254 Cases in the United States District Courts.

conviction proceedings and Murchison's post-conviction appeal, and that Murchison had failed to establish cause and prejudice to overcome the procedural default.

On March 20, 2012, shortly after this Court entered final judgment denying Murchison's petition, the United States Supreme Court decided Martinez v. Ryan, 132 S. Ct. 1309 (2012). Martinez held that ineffective assistance of counsel in an initial-review collateral proceeding may establish cause to overcome a prisoner's procedural default of a claim of ineffective assistance of trial counsel. Id. at 1318-19.

The Eighth Circuit Court of Appeals denied Petitioner's application for certificate of appealability and issued the mandate. [#69 and #71]. The United States Supreme Court denied Petitioner's petition for certiorari on April 22, 2013. [#74]. On July 29, 2014, Murchison filed a Motion for Relief from Judgment or Order Pursuant to Rule 60(b) with this Court. Murchison's argument in that motion focused on the Martinez decision and asked the Court to review the merits of his habeas petition claims that had been found to have been procedurally defaulted during his post-conviction proceeding or post-conviction appeal for failure to preserve claims of ineffective assistance of trial counsel. On July 30, 2014, this Court summarily denied Murchison's motion for reconsideration.

On September 8, 2014, Murchison filed this motion. Murchison first asks the Court to amend its July 30, 2014 order to include an opinion or findings and conclusions. Murchison brings this motion pursuant to Fed. R. Civ. P. 59(e). Murchison's motion pursuant to Fed. R. Civ. P. 59(e) is untimely because it was filed more than 28 days after the entry of judgment.[2] As a result, I will deny Murchison's motion to alter or amend judgment.

---

[2] As Fed. R. Civ. P. 59(e) provides, the 28-day window for filing a Rule 59(e) motion is calculated from the date of the entry of *judgment*, which in this case was August 30, 2012. Additionally, even if the time only ran from the date the Court issued the order Murchison is seeking to alter (the July 30, 2014 order denying the motion to reconsider), his instant motion is still untimely.

Murchison also asks the Court to reconsider the July 30, 2014 order denying his previous motion for reconsideration and to review the merits of Murchison's claims of ineffective assistance of counsel that were brought in his habeas petition. Murchison argues that a merits review is warranted because, under the Supreme Court's decision in Martinez, he has established cause and prejudice to overcome any procedural default caused by post-conviction counsel.

Murchison seeks reconsideration under Fed. R. Civ. P. 60(b)(6). Rule 60(b)(6) provides that a "court may relieve a party . . . from a final judgment, order, or proceeding for . . . (6) any other reason that justifies relief." "Rule 60(b) authorizes relief in only the most exceptional of cases." Int'l Bhd. of Elec. Workers, Local Union No. 545 v. Hope Elec. Corp., 293 F.3d 409, 415 (8th Cir. 2002).

In Adams v. Thaler, 679 F.3d 312 (5th Cir. 2012), the Fifth Circuit squarely addressed the issue of whether the Court's decision in Martinez constituted an exceptional circumstance warranting relief under Rule 60(b), and held that it did not. Id. at 320 ("Because the Martinez decision is simply a change in decisional law and is 'not the kind of extraordinary circumstance that warrants relief under Rule 60(b)(6),' Adams's 60(b)(6) motion is without merit."). See also Lopez v. Ryan, 678 F.3d 1131, 1135–37 (9th Cir.2012) (although Martinez constituted a "remarkable" development in the law, it was not so extraordinary as to warrant Rule 60 relief). The district courts that have examined this issue have also "concluded that Martinez fails to amount to 'extraordinary circumstances' warranting relief." See West v. Carpenter, 2013 WL 5350627 (E.D.Tenn.2013) (collecting cases); Williams v. Steele, No. 4:90CV239 JAR, 2014 WL 1303680, at *2 (E.D. Mo. Mar. 31, 2014). Here, the Court entered final judgment denying Murchison habeas relief prior to the Supreme Court's decision in Martinez. Murchison has not

established that an "extraordinary circumstance" exists warranting relief from that final judgment under Rule 60(b)(6). As a result, I will deny Murchison's motion for reconsideration.[3]

Accordingly,

**IT IS HEREBY ORDERED that** Petitioner Joseph Murchison's Motion to Alter or Amend Judgment, or, in the Alternative, Reconsider #[78] is **DENIED**.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 7th day of July, 2015.

---

[3] Furthermore, even if Martinez did establish "extraordinary circumstances" warranting reconsideration of the Court's final judgment, it would not provide Murchison the relief that he seeks because it only excuses procedural default occurring in the initial-review collateral proceeding. It "does not concern attorney errors in other kinds of proceedings, including appeals from initial-review collateral proceedings." Martinez, 132 S.Ct. at 1320. As this Court stated in its Memorandum and Order denying Murchison's habeas petition (and in the Magistrate Judge's Report and Recommendation), Murchison's ineffective assistance of counsel claims were also procedurally defaulted when Murchison failed to raise them during his *appeal* of the denial of his motion for post-conviction relief. Moreover, even if that were not an issue, under Martinez, "[t]o overcome the default, a prisoner must . . . demonstrate that the underlying ineffective-assistance-of-trial-counsel claim is a substantial one, which is to say that the prisoner must demonstrate that the claim has some merit," and that the attorney in the initial-review collateral proceeding performed below constitutional standards. Martinez, 132 S.Ct. at 1318. Murchison has not established either of these prongs.